**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff,**<br><br>vs.<br><br>**YARIEL PINEIRO-CASTRO, et al.,**<br>    **Defendant.** | **CRIMINAL NO.: 22-474 (ADC)** |

**MOTION TO SUPPRESS**

TO THE HONORABLE COURT:

The defendants, Yariel Pineiro-Castro ("Mr. Pineiro") and Sergio Rodríguez-Rodríguez (Mr. Rodríguez"), through the undersigned counsels, move the Court to suppress the physical evidence, electronic evidence, and statements resulting from their illegal arrest and seizure by the Puerto Rico Police Bureau ("PRPB") officers on November 1, 2022:

**I.    Introduction**

On November 3, 2022, Mr. Pineiro was indicted with three criminal counts: conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii), and 846, possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), and conspiracy to possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o) and (b)(1)(B)(ii). On the same date, Mr. Rodríguez was indicted with two criminal counts: conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii), and 846, and conspiracy to possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o) and (b)(1)(B)(ii).

On July 13, 2023, the government filed a Superseding Indictment, including six counts against Mr. Pineiro: use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958 (two counts), conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii), and 846, possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Superseding charged three counts against Mr. Rodríguez: conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii), and 846, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

The physical evidence against Mr. Pineiro – a rose gold Samsung Galaxy phone – as well as other items seized from his person (including his identifications) and any statements he may have provided, are the product of an illegal arrest and warrantless search and seizure in violation of the Fourth Amendment to the United States Constitution and should be suppressed. The physical evidence seized from Mr. Rodríguez - consisting of a grey iPhone on a clear protector case and his identification cards – and any statements he provided are also the result of an illegal arrest and warrantless seizure in violation of the Fourth Amendment and should therefore be suppressed as well.

**II.     Statement of Facts**

On November 1, 2022, during the afternoon, Mr. Pineiro arrived at the establishment Roland's Food Truck Park. While there, Mr. Pineiro had food, drinks, and met with several persons. At no point, while Mr. Pineiro was at the establishment, did he

brandish a firearm or possess a firearm in plain view. Neither did the persons who met with Mr. Pineiro. After being six hours at Roland's Food Truck Park, PRPB agents arrived at the establishment and arrested Mr. Pineiro, Mr. Rodríguez, and two of their co-defendants. Mr. Rodríguez arrived at Roland's Food Truck Park a little bit before the agents arrived. Mr. Rodríguez did not brandish and/or possess any firearm in plain view. According to the PRPB complaint report, Mr. Pineiro and Mr. Rodríguez were allegedly arrested for firearms violations. (*See* Exhibit 1-A, p. 8). However, at the time of their arrest, PRPB agents did not have an arrest warrant issued against Mr. Pineiro and Mr. Rodríguez. No complaint or Indictment had been filed against Mr. Pineiro and Mr. Rodríguez either.

During a search incident to Mr. Pineiro's and Mr. Rodriguez's arrest, PRPB agents seized, among other things, a rose gold Samsung Galaxy phone and a grey iPhone on a clear protector case. An extraction of the rose gold Samsung Galaxy phone was later conducted by law enforcement and a copy of the extraction report was provided to the defendants, including Mr. Pineiro. Mr. Pineiro did not consent to the search of such phone. On November 29, 2023, a copy of the extraction report of the grey iPhone was disclosed to Mr. Rodríguez from the extraction conducted by law enforcement. Mr. Rodríguez did not consent to the search of the cellphone.

On November 2, 2022, the day after Mr. Pineiro's and Mr. Rodríguez's arrest, a criminal complaint and arrest warrant were issued against them. (*See* Case Misc. No. 22-1335 (M)).[1] On November 3, 2023, an Indictment was returned against Mr. Pineiro, Mr. Rodríguez, and three other defendants in the above-captioned case. (Docket No. 16).

---

[1] At the time of this filing, Case Misc. No. 22-1335 (M) remains under seal and thus, the docket sheet is not accessible to the undersigned.

On October 20, 2023, the government filed a notice of designation of evidence, pursuant to Rule 12 of Criminal Procedure. (Docket No. 123). The notice lists, among other evidence: (10) six cell phones seized from the defendants on November 1, 2022, including a fanny pack and identifications; (11) electronic evidence extracted from the phone of Yadiel [sic] Piñeiro-Castro; and (13) "[a]ll evidence previously designated in discovery disclosures." (Id.).

### III.     Argument and Authority

Mr. Pineiro and Mr. Rodríguez challenge the legality of their seizure and arrest, as well as the search that followed. Because these interventions were warrantless, the burden is on the government to establish that all were reasonable under the Fourth Amendment. *See United States v. Melendez*, 301 F.3d 27, 32 (1st Cir. 2002).

#### a. The PRPB agents that arrested Mr. Pineiro and Mr. Rodríguez did not have probable cause to believe that they committed a crime.

The Fourth Amendment to the United States' Constitution guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. *Whren v. United States*, 517 U.S. 806 (1996). A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement. *Brendlin v. California*, 551 U.S. 249 (2007); *Florida v. Bostick*, 501 U.S. 429 (1991). A warrantless arrest is only valid if it is based upon probable cause. *Henry v. United States*, 361 U.S. 98, 102 (1959).

Evidence obtained as a direct result of an unconstitutional search or seizure is plainly subject to exclusion. *Segura v. United States*, 468 U.S. 796 (1984). The Fourth Amendment exclusionary rule prohibits the introduction of evidence obtained as a direct

result of an illegal search or seizure. *United States v. Camacho*, 661 F.3d 718, 724 (1st Cir. 2011). The exclusionary rule is the enforcement mechanism for the courts to punish deviations from established Fourth Amendments procedures. *Terry v. Ohio,* 392 U.S. 1, 12 (1968). The exclusionary rule extends to secondary evidence, later discovered, but derived from an illegal search or seizure. *United States v. Camacho*, 661 F. 3d 718 (1st Cir. 2011). Evidence derived from a follow-up investigation, such as an inculpatory statement, is secondary evidence, commonly referred to as the "fruit" of the initial seizure. Any and all evidence obtained as a result of an illegal arrest or search is inadmissible and should be suppressed as *"fruit of the poisonous tree"*. *United States v. D' Andrea*, 648 F.3d 1, 6 (1st Cir. 2011) (quoting *Wong Sun v. United States*, 371 U.S. 471, 487-488 (1963)).

On November 1, 2022, law enforcement agents had no warrant to search Mr. Pineiro and Mr. Rodríguez, or arrest them. Mr. Pineiro did not provide the arresting officers consent to search his person. Mr. Rodríguez gave no consent to the officers to search him. The government must then rely on a few limited exceptions to the Fourth Amendment to the U.S. Constitution to conduct a warrantless arrest and search. Since the PRPB agents had no warrant, the government has the burden of proving one exception. *United States v. Meléndez*, 301 F.3d 27, 32 (1st Cir. 2002).

To support a warrantless arrest, the government must prove that at the time that such arrest was conducted, the arresting officers had probable cause to believe that the person arrested, in this case Mr. Pineiro and Mr. Rodríguez, had committed a felony offense. *See United States v. Watson*, 423 U.S. 411 (1976). In this case, according to the complaint report, Mr. Pineiro and Mr. Rodríguez were arrested for firearms violations. However, as indicated above, throughout the time that Mr. Pineiro was at the establishment Roland's Food Truck Park, he was never seen in plain view possessing a

firearm. The same is true for Mr. Rodríguez who during his short visit to Roland's Food Truck was not seen possessing and/or brandishing a firearm. This is corroborated by surveillance video footage recovered from the establishment by law enforcement and provided by the government in discovery. PRPB agents conducting the arrest arrived at the establishment in marked and unmarked cars, got out, entered the establishment, immediately walked over to the table where Mr. Pineiro was sitting and placed him under arrest. After arresting Mr. Pineiro and three of his co-defendants, the PRPB agents searched and seized Mr. Pineiro's belongings, including his cellphone. The PRBP arresting officers also arrested Mr. Rodríguez, proceeded to search him, and seized his cell phone. No firearm was found on Mr. Pineiro's person, and no firearms were found in the possession of Mr. Rodríguez. The PRPB agents also searched the premises of Roland's Food Truck Park and allegedly found firearms in a bathroom and inside a car in the parking lot. However, these firearms were found after the co-defendants, including Mr. Pineiro and Mr. Rodríguez, had been arrested and thus cannot serve as probable cause for the arrest.

    The existence of probable cause must be determined in light of the information known to the police at the time of the arrest. *Maryland v. Garrison,* 480 U.S. 79, 85 (1987). Therefore, evidence recovered subsequent to an arrest cannot form the basis of probable cause for that arrest. *Id. See also United States v. Henry*, 361 U.S. 98, 103 (1959) ("The fact that afterwards contraband was discovered is not enough. An arrest is not justified by what the subsequent search disclosed.") Where, as here, the arresting officer did not possess any factual data that provided him probable cause to believe that Mr. Pineiro or Mr. Rodríguez committed a firearms violation or another felony offense, their arrest violated their constitutional rights under the Fourth and Fourteenth Amendments,

and the evidence secured as an incident thereto should be excluded from their trial. *See Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 568-69 (1971).

### IV.  Request for Hearing

Mr. Pineiro and Mr. Rodríguez respectfully submit that they have made a sufficient threshold showing that the material facts regarding the validity of the arrest, search, and seizure are in dispute. *See United States v. Allen*, 573 F.3d 42, 50 (1st Cir. 2009). As such, Mr. Pineiro and Mr. Rodríguez request an evidentiary hearing on their motion to suppress.

### V.  Conclusion

For the above-mentioned reasons, Mr. Pineiro and Mr. Rodríguez request that this Court conduct a hearing on this motion and that the physical evidence, electronic evidence and statements resulting from their illegal arrest and seizure by the PRPB on November 1, 2022, be suppressed as the fruits of Fourth Amendment violations.

WHEREFORE, the defendants, Yariel Pineiro-Castro and Sergio Rodríguez-Rodr'gieuz, respectfully request this Honorable Court take notice of the present motion and that same be granted.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, 23rd day of January, 2024.

        RACHEL BRILL
        Federal Public Defender
        District of Puerto Rico

        ***s/ Ivan Santos-Castaldo***
        Ivan Santos-Castaldo
        Assistant Federal Public Defender
        USDC-PR No. 302814
        241 F.D. Roosevelt Ave.
        Hato Rey, P.R. 00918-2441
        (787) 281-4922/ Fax (787) 281-4899
        E-mail: ivan_santos@fd.org

        ***s/Marie L. Cortés-Cortés***
        Marie L. Cortés-Cortés
        USDC-PR  No. 212208
        CJA Counsel for Sergio Rodríguez
        PO Box 192056
        San Juan, Puerto Rico 00919
        Tel. (787)691-3178
        E-mail : marie.cortes.cortes@gmail.com